IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,   ) | |
| ) | |
| Plaintiff,   ) | **ORDER DENYING DEFENDANT'S** |
| ) | **MOTION TO REDUCE SENTENCE** |
| vs.   ) | |
| ) | |
| Kelly Shayne Mason,   ) | Case No. 3:18-cr-140 |
| ) | |
| Defendant.   ) | |

Before the Court is the Defendant's *pro se* motion to reduce sentence under 18 U.S.C. §§ 3582(c)(2) and 3582(c)(1)(A), filed on March 4, 2024. See Doc. No. 117. The Government filed a response in opposition to the motion on April 10, 2024. See Doc. No. 122. For the reasons set forth below, the motion is denied.

I.   **BACKGROUND**

On August 15, 2018, Mason was charged by way of indictment with three (3) counts of aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(c) and 1153. See Doc. No. 1. On September 19, 2019, Mason pled guilty to all counts pursuant to a written plea agreement. See Doc. No. 75. The Presentence Investigation Report ("PSR") calculated a total offense level of 43. See Doc. No. 87, ¶ 40. Mason had 3 scorable criminal history points, which placed him in criminal history category II. See Doc. No. 87, ¶ 54. This resulted in a advisory Sentencing Guideline range of life. See Doc. No. 87, ¶ 71. He also faced a mandatory minimum sentence of 360 months. See Doc. No. 87, ¶ 70. The Court adopted this calculation at sentencing. See Doc. No. 95. On February 21, 2020, the Court sentenced Mason to 480 months imprisonment. See Doc. No. 94. Mason appealed. See Doc. No. 96. On September 22, 2020, the Eighth Circuit Court of Appeals "found no non-frivolous

1

issues outside the scope of the appeal waiver," and dismissed the appeal. See Doc. No. 102-1.

On March 4, 2024, the Defendant filed a *pro se* motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 contending he was a zero-point offender under Part B of Amendment 821 and thus he should receive a sentence reduction. See Doc. No. 117. The Defendant also seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). Id. The Government filed a response in opposition to the motion contending zero point offender and compassionate release is not warranted. See Doc. No. 122. The Defendant is serving his sentence at FCI Greenville in Greenville, Illinois. He has a presumptive release date of February 5, 2053.

## II.     LEGAL DISCUSSION

### A.     Amendment 821

Under the federal sentencing scheme, sentence modifications are available under very limited circumstances. One circumstance in which a sentence reduction is permitted is when the applicable Sentencing Guideline range has been lowered by the Sentencing Commission and it makes the amendment retroactive. See 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) of Title 18 of the United States Code provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The applicable Sentencing Commission policy statement provides as follows:

(a)     AUTHORITY.--

- (1) IN GENERAL.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

- (2) EXCLUSIONS.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–

  - (A) none of the amendments listed in subsection (d) is applicable to the defendant; or

  - (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

- (3) LIMITATION.--Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) DETERMINATION OF REDUCTION IN TERM OF IMPRISONMENT.--

- (1) IN GENERAL--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

- (2) LIMITATION AND PROHIBITION ON EXTENT OF REDUCTION.--

  - (A) LIMITATION.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

      (B)    EXCEPTION FOR SUBSTANTIAL ASSISTANCE.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

      (C)    PROHIBITION.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c)    CASES INVOLVING MANDATORY MINIMUM SENTENCES AND SUBSTANTIAL ASSISTANCE.--If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

(d)    COVERED AMENDMENTS.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), 782 (subject to subsection (e)(1)), and 821 (parts A and B, subpart 1 only and subject to subsection (e)(2)).

(e)    SPECIAL INSTRUCTIONS.--

      (1)    The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later.

      (2)    The court shall not order a reduced term of imprisonment based on Part A or Part B, Subpart 1 of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later.

U.S.S.G. 1B1.10.

In *Dillon v. United States*, the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. 560 U.S. 817 (2010).

The Supreme Court instructed that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission" and Section 1B1.10 instructs the district court to "substitute the amended Guidelines range while leav[ing] all other guideline application decisions unaffected." Id. at 821 (internal quotations omitted).  The Supreme Court set forth a two-step approach to apply:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions
> unaffected." § 1B1.10(b)(1).
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

Dillon, 560 U.S. at 827

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines took effect, pursuant to the Sentencing Commission's authority under 28 U.S.C. § 994(o). The amendment applies retroactively. Amendment 821 has three parts and several subparts: Part A pertains to "Status

5

Points;" Part B pertains to "Zero-Point Offenders;" and Part C pertains to "Simple Possession of Marihuana Offenses."

In Part B Subpart 1 of Amendment 821 to the United States Sentencing Guidelines, the United States Sentencing Commission added what now appears in Section 4C1.1, providing a 2- offense-level reduction for certain offenders who have zero criminal history points. The new provision provides as follows:

**Adjustment for Certain Zero-Point Offenders**

(a) ADJUSTMENT.—If the defendant meets all of the following criteria:

    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

    (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

    (3) the defendant did not use violence or credible threats of violence in connection with the offense;

    (4) the offense did not result in death or serious bodily injury;

    (5) the instant offense of conviction is not a sex offense;

    (6) the defendant did not personally cause substantial financial hardship;

    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

    (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

    (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

    (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

>decrease the offense level determined under Chapters Two and Three by 2 levels

U.S.S.G. § 4C1.1.

There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See Dillon, 560 U.S. at 827-28 (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

In this case, the Defendant does not qualify for a sentence reduction under Part B of Amendment 821. To qualify for a 2-level offense level reduction, a defendant with zero criminal history points must satisfy all ten of the qualifying criteria listed in U.S.S.G. § 4C1.1. The Defendant had 3 criminal history points which placed him in criminal history category II. In addition, his offenses were both sex offenses which are excluded under U.S.S.G. § 4C1.1. (A)(5). Thus, Mason cannot be considered a zero-point offender and Part B of Amendment 821 offers him no relief.

B. **Compassionate Release**

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, it is undisputed the Defendant has exhausted his administrative remedies.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a

sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A). There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP. Such motions were rarely filed. This all changed when the First Step Act was signed into law on December 21, 2018. The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> **(i)** extraordinary and compelling reasons warrant such a reduction;
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(i) (emphasis added).

The First Step Act does not define "extraordinary and compelling reasons." The applicable

Sentencing Commission policy statement can be found at Section 1B1.13 of the 2023 Sentencing Guidelines Manual. Section 1B1.13 provides as follows:

> **(a) In General**.--Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
> > **(1)** **(A)** Extraordinary and compelling reasons warrant the reduction; or
> >
> > **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> >
> > **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> >
> > **(3)** The reduction is consistent with this policy statement.
>
> **(b) Extraordinary and Compelling Reasons**.--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> > **(1) Medical Circumstances of the Defendant**.--
> >
> > > **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> > >
> > > **(B)** The defendant is–
> > >
> > > > **(i)** suffering from a serious physical or medical condition,
> > > >
> > > > **(ii)** suffering from a serious functional or cognitive impairment, or
> > > >
> > > > **(iii)** experiencing deteriorating physical or mental health because of the aging process,

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> **(D)** The defendant presents the following circumstances–
>
>> **(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>>
>> **(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>>
>> **(iii)** such risk cannot be adequately mitigated in a timely manner.

**(2) Age of the Defendant**.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(3) Family Circumstances of the Defendant**.--

> **(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> **(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

>> **(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

> **(4) Victim of Abuse**.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

>> **(A)** sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or

>> **(B)** physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

> **(5) Other Reasons**.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

> **(6) Unusually Long Sentence**.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

**(c) Limitation on Changes in Law**.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not

been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

**(d) Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

**(e) Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

U.S.S.G. § 1B1.13.

Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. See U.S.S.G. § 1B1.13(2). A court should also consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Whether to grant relief under Section 3582(c)(1)(A) is vested in the sound discretion of the district court. United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021).

Mason contends his 480-month sentence is unusually long and asks that it be reduced to 360-months. The Government maintains Mason has not articulated a valid basis for a finding that "extraordinary and compelling reasons" justify a sentence reduction. The Court agrees with the Government. The unusually long sentence provision only come into play after a defendant has served at least 10 years of his sentence and a change in the law has produced a gross sentencing disparity.

See U.S.S.G. § 1B.13(b)(6).  Mason has not served 10 years in prison and fails to explain what change in the law has resulted in a gross sentencing disparity.  The Court sentenced Mason to 480-months imprisonment.  The advisory Sentencing Guideline range was life so the actual sentence was below the applicable Sentencing Guideline range.

In addition, the Court concludes the Section 3553(a) factors strongly weigh against any sentence reduction.  The offense conduct in this case was egregious.  Mason was involved in the violent sexual abuse of three girls under the age of twelve over a number of years.  The Court considers Mason a danger to the community.  The advisory Sentencing Guideline range was life.  The Court sentenced him to 480-months of imprisonment.  Mason has also had disciplinary problems while incarcerated.  See Doc. No. 122-1.  The need for the sentence imposed under Section 3553(a)(2)(A)-(C) still remains given the nature of the offense.  Granting the Defendant's motion under 18 U.S.C. § 3582(c)(1)(A) would undermine the Section 3553(a) factors.

### III.   CONCLUSION

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 117) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 24th day of June, 2024.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court